**SMS FINANCIAL L.L.C., an Arizona limited liability company, Appellee,**

v.

**James A. RAGLAND, an individual; American Timber Products, Inc. d/b/a Red River Lumber Company, an Oklahoma corporation; and Bayless E. Kirtley, an individual, Appellants.**

No. 86256.

Court of Appeals of Oklahoma, Division No. 4.

Dec. 26, 1995.

Rehearing Denied Feb. 13, 1996.

Certiorari Denied May 22, 1996.

---

James Vogt, Reynolds, Ridings, Vogt & Morgan, Oklahoma City, for Appellee.

Jack R. Durland, Jr., Durland & Durland, Oklahoma City, for Appellants.

## OPINION

GOODMAN, Presiding Judge.

This appeal was assigned to the accelerated docket pursuant to Civil Appellate Procedure Rule 1.203(A)(1)(a), 12 O.S.Supp.1994, ch. 15, app. 2. The defendants appeal the order of the trial court which: 1) overruled defendant Ragland's motion for new trial, and, 2) granted summary judgment to the plaintiff.

## I

### Standard of Review

The standard of review of a summary judgment granted pursuant to District Court Rule 13, 12 O.S.Supp.1994, ch. 2, app., is whether the facts, inferences, and conclusions, viewed in the light most favorable to the party opposing the motion, are such that reasonable men, in the exercise of fair and impartial judgment, might reach differing conclusions from those facts. If so, the mo-

tion must be denied. *White v. Wynn,* 708 P.2d 1126 (Okla.1985). The standard of review of a trial court's order overruling a motion for new trial is whether the court abused its discretion. *Smith v. Pierce,* 843 P.2d 391 (Okla.Ct.App.1992); *Gearhart Industries v. Grayfox Operating,* 829 P.2d 1005 (Okla.Ct.App.1992).

## II

### *Facts*

On February 7, 1994, SMS Financial, (SMS) filed a petition to foreclose a mortgage issued by American Timber Products, Inc., d/b/a Red River Lumber Company (Red River)[1] to secure a promissory note issued by James Ragland (Ragland). The note and mortgage were issued to Union Bank and Trust. Union Bank failed, and the note and mortgage were transferred to the FDIC on March 31, 1988, which in turn sold and assigned the note and mortgage to SMS Financial on October 1, 1993.

Defendant Bayless Kirtley's answer states he received title to the property by a quit claim deed from Red River on December 30, 1992. Kirtley's answer contained a counterclaim, stating that the maturity date of the notes[2] given by Ragland to Union Bank matured May 1, 1988. Accordingly, Kirtley claims the applicable statute of limitations is five years, pursuant to 12 O.S.1991 § 95 (First). Because SMS filed suit on February 7, 1994, Kirtley claims SMS's petition was untimely.

Defendant Ragland filed a motion to quash the service obtained on him. He presented affidavits that he was never personally served, as stated in the return of service. Ragland later filed an answer to SMS's petition, raising the defenses of insufficient service of process and the statute of limitations.

American Timber Products, Inc, d/b/a Red River Lumber Company, failed to file any answer or other responsive pleading.

On June 10, 1994, SMS moved for summary judgment against Kirtley on his counterclaim. Kirtley responded by claiming the proper statute of limitations was five years under Oklahoma law, but argued in the alternative that while 12 U.S.C.A. § 1821 may allow the FDIC to invoke a six-year statute of limitations, by its very terms, § 1821 pertains exclusively to the FDIC, not an assignee of the FDIC, such as SMS. This motion was overruled by the trial court on August 26, 1994, to allow the parties to conduct further discovery.

In an unrecorded hearing on December 9, 1994, the trial court conducted an evidentiary hearing on Ragland's motion to quash, and subsequently overruled it. Ragland sought a new trial January 27, 1995.

On May 4, 1995, SMS moved for summary judgment against all defendants.

On August 25, 1995, a judgment was filed overruling Ragland's motion for new trial, and granting SMS's summary judgment against all defendants. The court noted American Timber Inc. d/b/a Red River Lumber Company was in default, and granted summary judgment against it. The court entered a money judgment against Ragland in favor of SMS, and determined the interest of SMS in the mortgaged real estate was superior to that of Kirtley. The court ordered the mortgage foreclosed and the property sold at auction.

## III

### *Issues*

The issues raised in the defendants' motion for new trial and preserved on appeal concern the applicable statute of limitations and

---

1. Ragland is the president of Red River. There is no evidence in the record submitted of what consideration Ragland gave Red River in exchange for Red River mortgaging its real property as security for Ragland's note. Because Red River failed to file an answer or other responsive pleading, the issue of failure of consideration is not before us.

2. Ragland's first note was due May 1, 1987. This note was secured by the mortgage set out above. It appears this note was paid by a cash payment and new promissory note due May 1, 1988. The record fails to show whether the original mortgage was intended to secure the second note as well. Again, this issue is not before us on appeal.

the validity of service obtained upon Ragland.

### A. The statute of limitations issue

■ We first address the statute of limitations issue to determine if SMS's petition is timely. SMS is the assignee of the FDIC, the receiver of Union Bank's rights and interests in the real property. Therefore, we first look to the applicable statute of limitations pertaining to receivers.

The applicable statute is 12 U.S.C.A. § 1821(d)(14)(A) and (B).

(14) Statute of limitations for actions brought by conservator or receiver.

   (A) In general

   Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any *action brought by the Corporation* as conservator or receiver shall be—

   (i) in the case of any *contract claim, the longer of—*

   (I) *the 6–year period beginning on the date the claim accrues;* or

   (II) the period applicable under State law.

   (B) Determination of the date on which a claim accrues

   For purposes of subparagraph (A), the *date on which the statute of limitation begins to run on any claim describe in such subparagraph shall be the later of—*

   (i) *the date of the appointment of the Corporation as conservator or receiver;* or

   (ii) the date on which the cause of action accrues.

The defendants claim that the six-year statute of limitations applies only to the original receiver, *i.e.* the FDIC, but not to an assignee of the FDIC, such as SMS. Because this statute does not apply, the defendants argue the court must use the five-year statute of limitations available under state law, which began to run when the note was due. The defendants cite *Federal Debt Management, Inc. v. Weatherly,* 842 S.W.2d

774 (Tex.Ct.App.1992), in support of this proposition.

SMS, on the other hand, citing *Mountain States Financial Resources Corporation v. Agrawal,* 777 F.Supp. 1550 (W.D.Okla.1991), argues that the six-year statute does apply to assignees of the receiver.

Our review of the case law which has dealt with this issue indicates that *Mountain States* is in accord with the majority of the reported decisions on this issue. *Weatherly,* on the other hand, stands almost alone in its holding that only the FDIC can use the six-year limit.

We agree with and adopt the reasoned analysis of this issue as set out in *Cadle Co. II, Inc. v. Lewis,* 254 Kan. 158, 864 P.2d 718 (1993), which determined that since the assignee stood in the shoes of the assignor, and thus obtained the same rights as the assignor, the six-year statute of limitations was therefore applicable to actions by the assignee receiver.

Thus we hold that, SMS, as assignee of the rights of the assignor FDIC, is entitled to rely on the six-year statute of limitations set out above regarding actions brought by federal receivers. The petition filed by SMS against the appellants was therefore timely because it was filed within six years of the date the FDIC became the receiver of Union Bank's assets.

### B. Service of Process

■ The defendants argue the service obtained on Ragland was defective, and thus any order of judgment against him is void on its face. The defendants submitted various affidavits from persons who claim no personal service of process was served on Ragland on the date specified on the return of service. There was evidence that a process server approached defendant Ragland in the parking lot of his business with the summons. However, Ragland drove off before being handed the summons, and the process server allegedly threw the papers on the trunk of Ragland's car as he drove away. The signature of a process server on a return of service constitutes a prima facia, but rebuttable, presumption of proper service. The party

opposing the service must overcome that presumption of proper service by presentation of evidence. *See, generally,* 12 O.S.1991, § 2004.

It appears from the record that the trial court had before it the affidavits of the various witnesses, conducted an evidentiary hearing, and determined that Ragland failed to overcome the presumption of lawful service. Though we have no record of the hearing, we have reviewed the evidence before the trial court on this issue. After deferring to the trial court's assessment of the witnesses, their testimony, and the other evidence introduced, we cannot say the order of the trial court was against the weight of that evidence. We find no error, and therefore affirm the trial court's decision on this issue.

In summary, we hold the defendants were properly served with a summons and a petition that was itself filed in a timely manner, and affirm the order of the trial court.

AFFIRMED.

RAPP, V.C.J., and STUBBLEFIELD, J., concur.