2009 OK CIV APP 2

**In re The Marriage of Ellyn Diane ELLIOTT, Petitioner/Appellee,**

v.

**James Lee ELLIOTT, Respondent/Appellant.**

**No. 105,275.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 12, 2008.

---

**148**

John M. Freese, Sr., Jonathan A. Graber, Freese & March, P.A., Tulsa, OK, for Petitioner/Appellee.

Mark D. Antinoro, Taylor, Burrage Law Firm, Claremore, OK, and Max Myers, Carpenter, Smolen and Myers, Tulsa, OK, for Respondent/Appellant.

CAROL M. HANSEN, Judge.

¶ 1 Respondent/Appellant, James Lee Elliott (Husband), seeks review of a qualified domestic relations order (QDRO) entered by the trial court to effectuate the property division in the decree dissolving Husband's marriage to Petitioner/Appellee, Ellyn Diane Elliott (Wife). We affirm, holding the QDRO did not alter the property division.

¶ 2 The decree provided in relevant part:

(*PBGC—US Airways Retirement Plan*). Petitioner shall receive a full undivided one-half (½) interest of this retirement benefit from U.S. Airways (payable by U.S. Airways or the United States of America) at the time of Respondent's retirement from U.S. Airways or at any earlier time when such payments begin. Such

interest shall be transferred for Petitioner's benefit into a Qualified Domestic Relations Order (QDRO) which will be separately ordered and granted by this Court.

The trial court entered a QDRO to effectuate this property division, and Husband filed the present appeal. However, the Pension Benefit Guaranty Corporation (PBGC), which is the trustee for U.S. Airways' pension plan, rejected that order as not qualified. The trial court entered an order nunc pro tunc correcting the QDRO, and Husband filed a supplemental petition in error to appeal the modified QDRO.

¶ 3 Husband contends the following language in the QDRO conflicts with the decree:

**SECTION 3. AMOUNT OF BENEFIT TO BE PAID TO ALTERNATE PAYEE**

Starting at the time specified in Section 5, PBGC shall pay to the Alternate Payee as a separate interest an amount actuarially equivalent to the value of 50% of the Participant's benefit under the Plan. The Participant's benefit shall be determined as of the Date of Plan Termination (3/31/2003). The Alternate Payee's separate interest shall be determined as a benefit payable over the lifetime of the Alternate Payee.

Husband argues the decree awards an undivided interest while the QDRO awards a separate interest. He argues the separate interest reduces the value of his property by taking away his right to select an alternate payee. He also argues the separate interest award allows Wife to "change the disposition nature of the retirement account," and to begin receiving retirement benefits at a time other than when he retires.

¶ 4 Husband's appeal raises only an issue of law. Therefore, we will review the trial court's decision de novo. *Nichols v. Nichols*, 1995 OK CIV APP 22, 891 P.2d 1303, 1305.

¶ 5 The Employment Retirement Income Security Act (ERISA) established the Pension Benefit Guaranty Corporation (PBGC) within the U.S. Department of Labor to administer a pension plan termination insurance program. 29 U.S.C. § 1302(a). PBGC has published two types of QDRO forms for parties to use in assigning benefits of a pension plan to a payee other than the

plan participant; one form is called the "Separate Interest QDRO" and the other is called the "Shared Interest QDRO." Pension Benefit Guaranty Corp., U.S. Dep't of Labor, *Qualified Domestic Relations Orders and PBGC* 5 and 9 (2006), (available at http://www.pbgc.gov/docs/QDRO.pdf). The choice of which form to use depends upon the reason for dividing pension benefits. PBGC designed the separate interest QDRO form to be used for property division and the shared interest QDRO form to be used for support payments. Employee Benefits Security Administration, U.S. Dep't of Labor, *QDROS: The Division of Pensions Through Qualified Domestic Relations Orders,* Question 3–3, (available at http://www.dol.gov/ebsa/publications/qdros.html).

¶ 6 A QDRO is "the mechanism by which a divorce decree awarding retirement benefits to a spouse is enforced and collected with regard to the particular retirement program covered by the decree." *Jackson v. Jackson,* 2002 OK 25, 45 P.3d 418, 426. It must conform to the terms of the underlying decree. *Id.* The purpose of the QDRO entered in the present case is to effectuate the property division in the decree. PBGC's form for a separate interest QDRO is the appropriate form to use for that purpose.

¶ 7 The grant to Wife of a an undivided half interest in the PBGC retirement benefit does not require that the parties share the payments from the benefit. The decree expressly contemplates Wife might receive benefit payments at a time earlier than Husband's retirement. It is the vesting of Wife's property interest under the decree, rather than the QDRO, that proscribes Husband from changing the alternate payee of this retirement benefit. The provisions of the QDRO do not limit or change Husband's rights under his retirement plans. Accordingly, we hold the QDRO conforms to the decree and does not alter it.

¶ 8 The trial court's order is AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.