CUMMINGS v. SASNETT
2025 OK 7
Case Number: 120418
Decided: 01/22/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 7, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

LUTHER GREGORY CUMMINGS, Respondent/Appellant,
v.
BRENDA SASNETT (FORMERLY CUMMINGS), Petitioner/Appellee.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION IV

¶0 Years after his divorce was final, a firefighter retired and elected to participate in the Oklahoma Firefighters Pension and Retirement Plan B program. The firefighter's former spouse sought to enforce the parties' divorce decree, requiring the firefighter to pay her a portion of his Plan B benefits. The district court ruled in favor of the former spouse and ordered the firefighter to pay his former spouse a portion of the funds in the Plan B account. The Court of Civil Appeals reversed. This Court granted certiorari. We hold that when a vested firefighter selects the Plan B option post-divorce and the divorce decree does not specify the allocation of these funds, the Plan B account is divisible marital property to the extent that any funds in the account are attributable to the marital years.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S JUDGMENT AFFIRMED.

Beau Williams, Oklahoma City, Oklahoma, for Appellant.

George H. Brown, Brown and Flesch, PLLC, Oklahoma City, Oklahoma, for Appellee.

Winchester, J. 

¶1 Appellee Brenda Sasnett (formerly Cummings) ("Wife") brought this action seeking to enforce the divorce decree between the parties and require Appellant Luther Gregory Cummings ("Husband") to pay her a portion of the firefighter Plan A pension benefits deposited into Husband's deferred option Plan B account. The issue before the Court is whether a portion of Husband's Plan B benefits, which the district court did not specifically award in the divorce decree, is marital property belonging to Wife. We hold that when a vested firefighter elects the Plan B option after a divorce is final and the divorce decree is silent as to the award of those Plan B funds, the Baggs rule applies, and the Plan B account is divisible marital property to the extent that any funds in the account are attributable to the marital years. See Baggs v. Baggs, 2016 OK 117385 P.3d 68

FACTS AND PROCEDURAL HISTORY

¶2 Husband and Wife married on January 16, 1985. Husband began employment as an Oklahoma firefighter in September 1985, making him eligible for retirement in 2005. The parties remained married for almost 25 years, until April 9, 2010. The parties' divorce decree awarded Wife, among other things, 50% of Husband's benefits from his Oklahoma Firefighter Plan A retirement. Specifically, the district court awarded Wife:

[Fifty percent] of the benefits attributable to [Husband's] participation in the Oklahoma Firefighter Plan A retirement program from date of marriage, 1/26/1985, through date of the filing of the Petition in this case, 2/17/2009, same to be accomplished by separate Qualified Domestic Relations Order to be prepared by [Wife's] attorney (no share of Plan B being awarded because [Husband] testified that he has not elected and does not participate in Plan B).

The decree specifically awarded Husband:

[Husband's] Oklahoma Firefighter retirement account, subject to an award to [Wife] of 50% of the benefit attributable to [Husband's] participation in the retirement program from date of marriage 1/26/1985, through date of the filing of the Petition in this case, 2/17/2009, same to be accomplished by separate Qualified Domestic Relations Order to be prepared by [Wife's] attorney (no share of Plan B being awarded because [Husband] testified that he has not elected and does not participate in Plan B).

¶3 Under the traditional Plan A retirement program, firefighters who retire from service are paid a monthly pension equal to their accrued retirement benefit. 11 O.S. Supp. 2024, § 49-10611 O.S. Supp. 2023, § 49-10611 O.S. Supp. 2023, § 49-106

¶4 In April 2020, Husband retired and elected to participate in the Plan B retirement program. Husband had the option of backdating his election of Plan B, with the "back drop election date" being Husband's normal retirement date or the date five years before he elected to participate in Plan B. Husband elected to "back drop" on May 1, 2020, and had a "back drop election date" of May 1, 2015. See 11 O.S. Supp. 2023, § 49-106See id.

¶5 In 2021, Wife sought to enforce the divorce decree, asserting that a portion of the Plan B benefits belonged to her. The district court held an evidentiary hearing, wherein Wife presented evidence that Husband transferred approximately $118,000 owed to Wife per the decree, from Husband's Plan A account to fund his Plan B account. Wife did not claim any of the additional contributions made to the Plan B account by Husband or his employer. The district court ruled in favor of Wife, directing Husband to pay Wife the Plan A funds awarded to her in the decree, which Husband used to fund his Plan B account, plus interest, totaling $216,290.

¶6 The Court of Civil Appeals reversed and construed Wife's request as a modification to the divorce decree, holding that final property judgments cannot be modified absent fraud. We granted certiorari.

STANDARD OF REVIEW

¶7 This case presents an issue of law in construing a divorce decree, which we review de novo. Jackson v. Jackson, 2002 OK 2545 P.3d 418Gladstone v. Bartlesville Indep. Sch. Dist. No. 30, 2003 OK 3066 P.3d 442

DISCUSSION

A. Husband's Plan B account is divisible marital property to the extent that Husband funded the account with Plan A funds attributable to the marital years.

¶8 Husband argues that Wife is not entitled to any of the Plan B funds because the district court did not specifically award these funds to Wife in their divorce decree. Husband further claims that Wife's request is an impermissible attempt to modify a final property division decree. However, Wife is not seeking to alter the property division in the decree. Wife instead seeks to compel Husband to satisfy the previously adjudicated marital property division obligation.

¶9 It is well settled that a property division judgment may not be modified and can only be construed if it is ambiguous on its face. Such an inquiry is confined to the judgment, and a court may not consider information beyond the judgment. Jackson, 2002 OK 25

¶10 In looking at its plain language, the divorce decree did not contemplate a decision by Husband to participate in Plan B. The district court recognized Husband's non-election in its award of Plan A benefits to both spouses. The divorce decree specifically stated:

[N]o share of Plan B being awarded because [Husband] testified that he has not elected and does not participate in Plan B.

Consequently, the district court did not award Plan B benefits to either party.Perry v. Perry, 1976 OK 57551 P.2d 256

¶11 We therefore look to the precedent set by Baggs, 2016 OK 117385 P.3d 68Baggs Court addressed the division of a retirement account where the husband had not yet chosen to retire and, therefore, had not yet selected Plan B. The Court held that the husband's Plan B benefits, should the husband choose to enroll in Plan B in the future, constituted divisible marital property to the extent any benefits deposited into the account were accumulated during the marriage:

[P]ensions, contingent upon the occurrence or non-occurrence of some future event, are valuable rights if the contingency has been acquired through joint efforts of the spouses -- to the extent that it has been acquired or enhanced during the marriage, and as such becomes jointly acquired property during the marriage.

Id. ¶ 18, 385 P.3d at 76 (emphasis added). The Court explained that the Plan B retirement option is divisible marital property because when it is chosen, it is then partially funded with a portion of retirement funds that are attributable to the marital years. Id. ¶ 16, 385 P.3d at 75-76.Baggs, Husband's Plan B account is composed of Plan A benefits, which the district court awarded Wife a portion of in the decree. Wife's vested interest in those retirement benefits did not lose their status upon transfer to the Plan B account.

¶12 Husband argues that Baggs is inapplicable here because Wife was not entitled to Plan A benefits until Husband retired, and Husband's Plan B account was funded in the last five years before his retirement in 2021. In other words, the deposits were made post-marriage, so Wife's marital property in Plan A was not used to fund Husband's Plan B account.

¶13 We disagree. The issue is not whether Wife's Plan A benefits were deposited into the Plan B account during the marriage, but rather whether the Plan B funds accrued during the marriage, regardless of when they were deposited. To illustrate, the husband in Baggs had not retired or elected to participate in Plan B at the time of the divorce. Id. ¶ 5, 385 P.3d at 70. The funds therefore were not deposited into the Plan B account during marriage. Id. ¶ 16, 385 P.3d at 76. Nevertheless, the Baggs Court taught us that in the event the Plan B option was chosen by a firefighter upon retirement, the Plan B funds were divisible to the extent that the husband deposited funds that were attributable to the marital years. Specifically, the Court said:

Although the Plan B is not immediately divisible because it has not yet been funded, or selected, if it is chosen upon his retirement, the former wife is entitled to any portions thereof which were accrued during the marriage. While this calculation may not be easy to make, it is not impossible, nor is its difficulty a reason to deny to the wife what is fair, just and reasonable.

Id. at ¶ 19, 385 P.3d at 77.

¶14 Here, Wife acquired a property right to Husband's Plan A retirement account once the district court entered the divorce decree. Plan B is not a separate retirement program than Plan A. Rather, it is an alternative option in the firefighters' pension program made available when Oklahoma firefighters have vested and are eligible for retirement. The pension benefits do not lose their character as vested marital benefits simply because they are moved to a new Plan B account. And Husband cannot unilaterally change the nature of the benefits, creating a new post-divorce asset that was not subject to distribution in the divorce. See, e.g., Woodard v. Woodard, 2007 OK CIV APP 61 ¶ 12, 164 P.3d 1144See, e.g., Hodge v. Hodge, 2008 OK CIV APP 96 ¶ 24, 197 P.3d 511

¶15 The decree awarded Wife 50% of the benefits attributable to Husband's participation in the Plan A program during their marriage. At the time of Husband's retirement, the value of Wife's monthly award was $1,974,

B. Husband's election to receive Plan B benefits, resulting in a lower Plan A monthly payment, does not affect what is owed to Wife.

¶16 Husband contends that the district court erred by not considering that Husband received a reduction of his Plan A benefit of approximately $990 per month by choosing Plan B. Baggs addressed this issue:

The advantage of not opting to do the [Plan B] would be a higher pension benefit based on a longer number of creditable service years. On the other hand, the advantage of opting to do the [Plan B], would be receiving a lump-sum payment, and continuing to receive a salary for a few extra years, even though ultimately, the monthly pension benefit would be lower than if they had started collecting traditional retirement benefits.

Baggs, 2016 OK 117

¶17 Husband's Plan A calculation was based on his salary amount at retirement, May 2020. However, Husband gave up his right to accrue additional benefits into Plan A by electing Plan B and effectively retiring in 2015. Husband understood that if he elected Plan B, he would receive less Plan A benefits per month. The tradeoff was that he would receive the economic benefit of a lump-sum payment and the receipt of his salary for five additional years. Husband's unilateral decision to receive the pension benefits by an alternative means does not change the amount of pension benefits owed to Wife under the decree--50% of the benefits attributable to Husband's participation in the Plan A program during their marriage.

C. Wife is allowed to collect the interest earned on the portion of funds she owns dropped into the Plan B account. 

¶18 Husband also argues that Wife should not be entitled to the interest earned on the Plan A funds dropped into the Plan B account. Husband contends that Wife should instead receive only the statutory interest from the date of the district court's judgment.

¶19 We disagree. Oklahoma law allows a member who elects to participate in Plan B to receive cost of living increases and interest. 11 O.S. Supp. 2023, § 49-10611 O.S. 2021, § 49-126Baggs, 2016 OK 117

¶20 Each party's share in Husband's retirement benefits was dropped into the Plan B account and earned interest. Following the rationale above, Wife received a property right in Husband's retirement account that entitles her to a pro-rata share of his Plan B fund. Fifty percent of the value of Husband's pension benefits accrued during marriage, or $1,974 per month, belonged to Wife. In the same way the interest and cost of living adjustments applied to Wife's share--despite being in Husband's Plan B account--belonged to Wife. We hold that the district court did not err by awarding Wife the interest that accrued on the funds owed to her in Husband's Plan B account.

CONCLUSION

¶21 A portion of Husband's Plan B benefits, which the district court did not specifically award in the parties' divorce decree, is marital property belonging to Wife. When a vested firefighter elects the Plan B option after a divorce is final and the divorce decree is silent as to the award of those Plan B funds, we apply the holding in Baggs, and the Plan B account is divisible marital property to the extent that any funds in the account accrued during the marriage. Wife is also allowed to collect interest on the portion her funds placed into the Plan B account. Accordingly, we vacate COCA's opinion and affirm the district court's judgment.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.

CONCUR: ROWE, C.J., KUEHN, V.C.J., WINCHESTER, EDMONDSON, COMBS, GURICH, AND DARBY, J.J.

DISSENT: KANE, J.

FOOTNOTES

1. Amounts payable from the Plan A pension, which totaled $5,600.24 per month (which included Husband's share of Plan A totaling $3,626.00 per month and Wife's share of Plan A awarded to her in the decree totaling $1,974.14 per month) from May 1, 2015, until May 1, 2020;
2. Husband's contributions from May 1, 2015, until May 1, 2020;
3. One-half of the employer contributions from May 1, 2015, until May 1, 2020; and
4. Interest based on how the above benefits would have accumulated, as if Husband participated starting May 1, 2015.

The parties agree that the only funds at issue in this case are the amounts payable from the Plan A pension plus interest. Wife does not claim any funds from the contributions of Husband or his employer.

See 12 O.S.2021, § 653

See, e.g., Jackson, 2002 OK 25Elliott v. Elliott, 2009 OK CIV APP 2217 P.3d 14711 O.S.2021, § 49-126 

Baggs, the Court cited with approval several cases that recognized that once a court awarded a spouse a right to a firefighter spouse's Plan A account in a decree, that judgment entitled the spouse to a pro-rata share of any Plan B funds that the former spouse would have received but for the firefighter spouse's election to participate in Plan B. See Pullo v. Pullo, 926 So.2d 448, 451 (Fla. Dist. Ct. App. 2006); see also Killingsworth v. Killingsworth, 925 So.2d 977, 982 (Ala. Civ. App. 2005) (holding that because the right to participate in Plan B was part of vested benefits, the Plan B election did not change the character of a spouse's retirement benefits nor result in a new post-divorce asset that was not subject to distribution in a divorce); Swanson v. Swanson, 869 So.2d 735, 738 (Fla. Dist. Ct. App. 2004) (ruling that a marital share consisted of 45% of the accrued Plan B benefits, plus cost of living adjustments and interest accrued on that 45% marital share during the deferral period); Stavinoha v. Stavinoha, 126 S.W.3d 604, 612 (Tex. Ct. App. 2004) (holding that the wife was entitled to post-divorce Plan B credits because the Plan B election "does not alter the community property character of the retirement benefits, most of which were earned by virtue of work during the existence of the community [and] vested during the existence of the community").

E. 1. A member who participates in this plan shall be eligible to receive cost-of-living increases.

2. A member who participates in this plan shall earn interest at a rate of two percentage points below the rate of return of the investment portfolio of the System, but no less than the actuarial assumed interest rate as certified by the actuary in the yearly evaluation report of the actuary. The interest shall be credited to the individual account balance of the member on an annual basis.

3. Effective November 1, 2013, the Oklahoma Firefighters Deferred Option Plan account for a member whose first service with a participating municipality of the System occurs on or after November 1, 2013, and who participates for the first time in the Oklahoma Firefighters Deferred Option Plan on or after November 1, 2013, and has completed active participation in the Oklahoma Firefighters Deferred Option Plan, shall earn interest at a rate equal to the actual rate of return of the investment portfolio of the System, less one (1) percentage point to offset administrative costs of the System as determined by the System.

Baggs. See Pullo, 926 So.2d at 451; Killingsworth, 925 So.2d at 982; Swanson, 869 So.2d at 738.